IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH STANLEY TROTTER IV, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:25-cv-335-X-BN |
| § | |
| OFFICE OF THE ATTORNEY § | |
| GENERAL OF TEXAS, ET AL., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joseph Stanley Trotter IV filed this *pro se* action for violations of due process under 42 U.S.C. § 1983 against the Texas Office of the Attorney General ("OAG") and individuals sued in their official and individual capacities whose roles are not clearly identified in the complaint, but who appear to be current and former Assistant Attorneys General and the court coordinator of the 325th District Court in Tarrant County, Texas in which Trotter's state case was pending at the time this lawsuit was filed. *See* Dkt. No. 3.

Because Trotter is proceeding *pro se*, United States District Judge Brantley Starr referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the request for injunctive relief and dismiss this lawsuit.

## Legal Standards

A district court may "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *accord Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on 12(b)(6) grounds *sua sponte*." (citations omitted)). "The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

A magistrate judge's findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords the parties an opportunity to respond. *See, e.g.*, *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.), *cert. denied*, 140 S. Ct. 142 (2019).

Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899

(5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

To the extent that Trotter's request for an emergency injunction implicates a request for preliminary injunctive relief, such an injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted). "To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted)

## Analysis

The complaint alleges that the state courts "have demonstrated a clear inability and refusal to address these due process violations" and that the OAG and 325th District Court "have engaged in bad faith litigation, collusion, and procedural obstruction." *See* Dkt. No. 3. The complaint does not allege any specific facts but instead refers the Court to attached exhibits, which Trotter asserts "demonstrate[] intentional manipulation of hearing dates, refusal to acknowledge jurisdictional challenges, and continuous harassment via enforcement actions." *Id.* at 2. Trotter

seeks, among other things, compensatory and punitive damages, declaratory relief, and injunctive relief "halting all child support enforcement actions" and "prohibiting any further enforcement actions" against him. *Id.* at 4.

Trotter has previously filed an action in this Court against the OAG and his employer seeking damages and injunctive relief relating to the garnishment of his wages. *Trotter v. Tex. Office of Att'y Gen.*, No. 3:23-cv-2484-S-BN, Dkt. Nos. 3, 9. That action also included a claim for violation of due process under 42 U.S.C. § 1983, which was dismissed with prejudice. *See Trotter v. Tex. Office of Att'y Gen.*, 2024 WL 3798219, at *5 (N.D. Tex. July 17, 2024), *rec. accepted*, 2024 WL 3803010 (N.D. Tex. Aug. 12, 2024). That Trotter is now seeking to enjoin all child support proceedings rather than only the garnishment of his wages or that he is now seeking to proceed against employees of the state court and the OAG's office does not significantly affect the analysis of Trotter's claims.

As always, the Court must first consider its jurisdiction. *See Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

"Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)).

That is, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its

sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), then citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).

This jurisdiction-stripping immunity extends to the OAG and its employees in their official capacity considering the facts alleged here. *See, e.g.*, *El Bey v. Dominguez*, 540 F. Supp. 3d 653, 678 (N.D. Tex. 2020) ("The State of Texas and Texas Attorney General's Office fall squarely within even the narrowest parameters the Supreme Court has imposed on the Eleventh Amendment since 1796." (citation omitted)); *Rodriguez v. Shamburger*, No. 1:23-cv-117, 2023 WL 6466577, at *2 (S.D. Tex. Sept. 5, 2023) ("Relevant here, the Office of the Attorney General of Texas is an arm of the state entitled to sovereign immunity." (cleaned up; collecting cases)), *rec. adopted*, 2023 WL 6465848 (S.D. Tex. Oct. 4, 2023). And the immunity also extends to Texas district courts, which are creations of the Texas Constitution, and their employees sued in their official capacities. *See, e.g.*, *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1352-54 (S.D. Ohio 2023) (claims against court of common pleas and its employees subject to Eleventh Amendment because the courts are creatures of state constitution); TEX. CONST. art. 5, §§ 1, 7.

There is a "narrow exception ... that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v. Jackson*, 595

U.S. 30, 39 (2021) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). But this exception does not permit injunctions against state courts or their employees because "'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'" *Id.* (quoting *Ex Parte Young*, 209 U.S. at 163). And, as to the other defendants, Trotter has not identified any state law that he claims is unconstitutional to fall under the *Ex Parte Young* exception but instead only complains about the actions of the OAG in pursuing claims against him.

And, with respect to the claims against the individual defendants in their individual capacities, Trotter's complaint does not include any allegations setting out the basis for his claims against each of the individuals. So he has not sufficiently alleged specific, non-conclusory facts to state a plausible claim against the individual defendants in their individual capacities.

For these reasons, Trotter's claims should be dismissed with prejudice.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when a plaintiff has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Trotter has already attempted to use the federal court to stop Texas from pursuing child support from him and had his federal claims dismissed with prejudice. His current complaint fails to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given another opportunity, Trotter could allege viable legal claims. Thus, the undersigned concludes that granting leave to amend

under these circumstances would be futile and cause needless delay.

But the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Trotter another opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

Finally, for all these reasons, Trotter also has not shown a substantial likelihood of success on his claims, so the Court should deny the motion for a preliminary injunction. *See Bluefield Water Ass'n*, 577 at 252-53.

## Recommendation

The Court should deny the motion for a preliminary injunction and dismiss the complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

- 9 -

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 20, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE