UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH STANLEY TROTTER IV, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0335-X-BN |
| | § | |
| OFFICE OF THE ATTORNEY | § | |
| GENERAL OF TEXAS, et al., | § | |
| | § | |
| *Defendants.* | § | |

# ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(B), this case was referred to Magistrate Judge David L. Horan for pre-trial management. This section provides that a district judge may designate a magistrate judge "to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court" on motions, including those for injunctive relief. This section does not require any parties consent as the magistrate judge is not conducting the trial or making the final determination.[1]

## A. Findings, Conclusions, and Recommendation

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. (Doc. 11). Plaintiff Joesph Stanley Trotter IV filed

---

[1] The Plaintiff has expressed concern about the location of his consent form provided to the Clerk's office. This form pertains to consent to trial before a magistrate judge under a different section of the same code—28 U.S.C. § 636(c). The notice form provided to Trotter includes an "**IMPORTANT NOTE:** This submission is not treated as a filing in ECF, so the consent form will not appear on the docket sheet." *See* Doc. 1.

an objection. (Doc. 12). Trotter's objections both repeat his arguments presented in his complaint and claim that Judge Horan misapplied the law and is biased towards the Plaintiff. Trotter also filed a motion claiming "judicial misconduct and procedural irregularities" (Doc. 17) which challenges the findings, conclusions, and recommendation. The Court interprets this motion to be additional objections to Judge Horan's findings, conclusions, and a recommendation. To the extent this motion objects to the findings pursuant to the magistrate judge's jurisdiction, the Court once again directs Trotter to this Court's authority under 28 U.S.C. § 636(b)(1)(B) to designate a magistrate judge to issue findings, conclusions, and a recommendation for the District Court's review. Any other relief sought in this motion is **DENIED.**

The District Court reviewed *de novo* the proposed findings, conclusions, and recommendation, and after review, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

## B. Motion to Disqualify

Trotter also filed a motion to disqualify Magistrate Judge Horan, alleging bias. (Doc. 13). Section 455 states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[2] This Court finds no grounds to justify recusal in this case. The basis of Trotter's argument appears to be based on Judge Horan's

---

[2] 28 U.S.C. § 455.

adverse rulings, including in a prior case. Adverse rulings are not a sufficient ground to necessitate recusal.[3] The motion to disqualify is **DENIED.**

**IT IS SO ORDERED** this 26th day of February, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *Calhoun v. Villa*, 761 Fed. App'x 297, 301 (5th Cir. 2019).